UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TIALI PATTERSON, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-01083-CKD P<br><br><br>ORDER and FINDINGS AND<br>RECOMMENDATIONS |

　　　　Plaintiff is a California prisoner proceeding pro se with a civil action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff has requested leave to proceed in forma pauperis. Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

　　　　A review of court records reveals that, while incarcerated, and before this action was filed, plaintiff filed three or more cases that were dismissed as frivolous, malicious, or failed to state a claim. The court takes judicial notice of: 1) Williams v. Gonzer, Case No. 2:04-cv-08941-UA-

1

AJW (C.D. Cal. November 22, 2004)(denying IFP and dismissing for failure to state a claim); 2) Williams v. Hubbard, et al., Case No. 2:10-cv-01717-UA-FFM (C.D. Cal. July 6, 2010) (dismissing case for failure to state a claim); 3) Williams v. Young, 2:08-cv-01737-WBS-CMK (E.D. Cal. July 29, 2010) (adopting Findings and Recommendations and dismissing case for failing to state a claim); 4) Williams v. Soto, Appeal No. 14-15524 (9th Cir. May 14, 2014)(denying plaintiff's application to proceed in forma pauperis because the appeal was frivolous, and the case was later dismissed for failure to prosecute because plaintiff failed to pay the filing fee); and, 5) Williams v. Hubbard, et al., Ninth Circuit Appeal No. 10-56230 (Nov. 4, 2010) (denying appellant's motion to proceed IFP because "the appeal is frivolous").[1]

As plaintiff had at least three "strikes" prior to filing this action, he is precluded from proceeding in forma pauperis unless he was in imminent danger of serious physical injury at the time that he filed the complaint. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, Case No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under Section 1915(g), plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998); see also Martin, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)…."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat or prison condition is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); see also Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

(7th Cir. 2002).

In this case, plaintiff's imminent danger allegations are based on his conditions of confinement at the California Medical Facility since March 30, 2022.  Specifically, plaintiff alleges that the height of his lower bunk is too low and causes him pain.  Due to this increased pain, plaintiff "risk[s] falling when rising or sitting to lay down, as there are no handrails or anything to hold onto for support."  ECF No. 1 at 4.  A review of the docket indicates that plaintiff was transferred to R.J. Donovan Correctional Facility on or about August 12, 2022.  See ECF No. 7.

In reviewing these allegations of imminent danger, the court first notes that plaintiff filed the instant complaint on June 22, 2022, after he had been housed on the lower bunk for approximately three months.  See Houston v. Lack, 487 U.S. 266 (1988) (establishing the prison mailbox rule).  However, there are no specific allegations linking plaintiff's increased pain to a possible slip and fall injury in his cell.  The undersigned therefore finds that plaintiff's concerns related to his risk of falling off his bunk are speculative and do not plausibly suggest a concrete risk of imminent physical injury or rise to the level of a genuine emergency.  See Thompson v. Paleka, Case No. CIV 17-00531 SOM-KJM, 2017 WL 5309608, at *2 (D. Haw. Nov. 13, 2017) (finding prisoner's claims of having contracted a rash from a dirty shower, and being denied access to a nerve specialist for back pain insufficient to meet § 1915(g)'s "imminent danger" exception).  Therefore, plaintiff does not meet the imminent danger exception of 28 U.S.C. § 1915(g).

Based on the above analysis, the court recommends denying plaintiff's motion for leave to proceed in forma pauperis.  The court further recommends that pursuant to the three-strikes provision of 28 U.S.C. § 1915(g), plaintiff be required to pay the $402.00 filing fee in full before proceeding with his § 1983 action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) be denied.

    2. Plaintiff be granted fourteen days within which to pay the $402 filing fee for this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 28, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/will1083.deny.ifp.docx

4