UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>TIALI PATTERSON, et al.,<br><br>    Defendants. | No. 2:22-cv-01083-DAD-CKD<br><br><br>ORDER<br><br>(Doc. Nos. 2, 9) |

    Plaintiff John W Williams is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    Plaintiff commenced this action by filing a complaint and an application to proceed *in forma pauperis* on June 23, 2022. (Doc. Nos. 1, 2).

    On November 28, 2022, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) be denied because: (1) he is subject to the three strikes bar under 28 U.S.C. § 1915(g); and (2) the allegations of plaintiff's complaint do not satisfy the "imminent danger of serious physical injury" exception to § 1915(g). (Doc. No. 9.) The magistrate judge also recommended that plaintiff be ordered to pay the required $402.00 filing fee in full in order to proceed with this action. (*Id*. at 4.) The findings and recommendations were served on plaintiff and contained

notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.*) Plaintiff timely filed objections to the pending findings and recommendations on January 6, 2023.¹ (Doc. No. 9.)

In his objections, plaintiff does not contest the magistrate judge's analysis concluding that he is subject to the three strikes bar under § 1915(g). (Doc. No. 12.) Rather, plaintiff reiterates his allegations in the complaint and contends that he has satisfied the "imminent danger of serious physical injury" exception to § 1915(g). (*Id.* at 3.) However, after closely reviewing plaintiff's allegations, including "progress notes" from his primary care physician attached to the complaint, the court concludes that his allegations do not indicate an "imminent danger of serious physical injury." Specifically, in his complaint plaintiff alleges that his condition is being treatment with epidural steroid injections and by his being provided with access to six different durable medical equipment items, such as back braces, a cane, a mobility impairment vest, therapeutic shoes, and a raised toilet seat. (Doc. No. 1 at 3, 12–14); *cf. Womack v. H. Tate*, No. 20-15011, 2020 WL 3799205, at *1 (9th Cir. May 19, 2020) (reversing the district court's denial of plaintiff's request to proceed *in forma pauperis* because plaintiff alleged that he was "was in excruciating pain and that defendants had discontinued [plaintiff's] pain medication and mobility vest ordered by a doctor at the facility where appellant was previously housed"); *Price v. Igbal*, No. 2:20-cv-1439-TLN-KJN, 2021 WL 3488002, at *3 (E.D. Cal. July 12, 2021) ("Plaintiff's allegation that he suffers *untreated* neuropathic pain and is at risk of falling is sufficient to support an inference of imminent danger of serious physical jury.") (emphasis added), *report and recommendation adopted sub nom. Price v. Iqbal*, No. 2:20-cv-01439-TLN-KJN, 2021 WL 3884174 (E.D. Cal. Aug. 31, 2021). Here, the allegations in plaintiff's complaint indicate that his chronic lower back pain is being treated assiduously. Plaintiff's objections therefore provide no basis upon which to reject the pending findings and recommendations.

/////

---

¹ On December 23, 2022, the magistrate judge issued an order granting plaintiff thirty days from the date of the magistrate judge's order in which to file and serve his objections to the findings and recommendations that were issued on November 28, 2022. (Doc. No. 11.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on November 28, 2022 (Doc. No. 9) are adopted;

2. In accordance with 28 U.S.C. § 1915(g), plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is denied;

3. Within twenty-one (21) days following service of this order, plaintiff shall pay the required $402.00 filing fee in full to proceed with this action;

4. Plaintiff is forewarned that his failure to pay the required filing fee within the specified time will result in the dismissal of this action; and

5. This matter is referred back to the assigned magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **May 17, 2023**

UNITED STATES DISTRICT JUDGE

3